UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-cr-232 (5)(JRT)

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>David John Moulder, )<br>)<br>Defendant. ) | **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S *IN LIMINE* MOTIONS** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The defendant, David John Moulder, through and by his attorneys, Robert Sicoli and Paul Engh, responds to the Government's serial and, for the most part, boilerplate motions.

1. The Government's motion to admit co-conspirator statements sets forth the case law. Docket Entry 1347. Missing, though, are the statements sought to be admitted against Mr. Moulder himself. This motion places the Court only in the position of agreeing that Rule 801(d)(2)(E) says what it says, sans any evidentiary ruling to make. The motion should be denied for incompleteness. It's hollow stuffing.

2. The Government's motion to preclude reference to whether witnesses have not been charged, Docket Entry 1353, is premised on the theory that

1

somehow, someway, a selective prosecution theory will be advanced by the defense.  Id. at p. 2.  Or that we will explore the "subjective intentions or motivations of a government agent . . ." Id. at 3.  We oppose for two reasons.

First, the witnesses who have been charged will say so, leaving all the other witnesses who testify to claim an uncharged status.  Thus the uncharged/charged dialectic will be impossible for the jury to ignore.

And second, a witness's bias against the defendant is always ripe for challenge on cross-examination.  If that witness, particularly from the magazine industry, has not been charged there is a motivation to please the government so that a further indictment will not occur.  Hence the intuitive desire to adopt the Government's perspective.

The Government's last concern – that Mr. Moulder will raise the defense of selective prosecution – is moot, an odd add on.  But we must say, the Government's want to avoid query as to the subjective intentions of a federal agent is hypocritical at best.  Motion at p. 3.  Because nearly all of the 302's address the subjective feelings of the witnesses.  The FBI and DOJ have, over and over again, solicited the personal opinions of guilt that each has against Mr. Moulder who know him.

3.   The Government's Motion concerning consumer complaints is addressed in Mr. Moulder's companion pleading.  Docket Entry 1346.  The only decision

2

cited from our Circuit is United States v. Farkas, 935 F.2d 962, 965 (8th Cir. 1991). Docket Entry 1354, at p. 2.  In Farkas, Better Business Bureau letters were admitted to provide "background." Id. at 965.  There will be plenty of background from the witnesses without reference to the BBB.

Moreover, the Government's lauding of a complaint letter's "effect" on the writer, Motion at p. 2, is nothing more than the author's disparaging opinion as to the guilt of Mr. Moulder, and is inadmissible evidence.  United States v. Azure, 801 F.2d 336, 341 (8th Cir. 1986).  What the letters can be read to say is that "he's guilty and his guilt has had an adverse effect upon me."

The Government's secondary theory is that the letters placed Mr. Moulder "on notice" but no mention is made of correspondence he received and read.  What we'll be left with, as noted in our motion, is the "customer's impressions of [his] illegality," impressions "driven by emotion not fact."  United States v. Gordon, WL 4303046 (D. Maine 2019), at p. 16.

4.  The motion concerning following orders, Docket Entry 1355, does not apply to Mr. Moulder.

5.  Finally, the Government's motion to allow agents in the courtroom should be limited.  There is no need for the jury to witness government agents and AUSA's filling multiple tables with boxes and yellow pads, hushed comments, heads nodding at the witnesses, post-it notes passed back and forth, back and forth.

Half the well will be taken up unnecessarily. We suggest no more than three AUSA's with two agents.

We remember the days when no more than two AUSA's would try a case together. One case agent sufficed. The government's suggested body inflation here masks inefficiency.

We do request limited reciprocal privileges for our investigator. His name is Gary Thorvig, a former IRS Agent no less. There will the three of us at most, most often two. At one table, litigating the same facts.

Dated: December 12, 2022          Respectfully submitted,

/s/Robert Sicoli
ROBERT D. SICOLI – Atty Id. 178238
SICOLI LAW, LTD.
2136 Ford Parkway, #117
St. Paul, MN 55116
612.871.0708

/s/Paul Engh
PAUL ENGH – Atty Id. 134685
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
612.252.1100

Attorneys for Mr. Moulder