## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
Criminal No. 20-232 (5)(JRT/DTS)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **DEFENDANT'S JURY** |
| Plaintiff, | ) | **INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| David John Moulder, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, David John Moulder, through his undersigned counsel, proposes the following instructions be given to the jury.

Dated: December 12, 2022      Respectfully submitted,

/s/Robert Sicoli
ROBERT D. SICOLI – Atty Id. 178238
SICOLI LAW, LTD.
2136 Ford Parkway, #117
St. Paul, MN 55116
612.871.0708

/s/Paul Engh
PAUL ENGH – Atty Id. 134685
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
612.252.1100

Lawyers for David John Moulder

## INSTRUCTION NO. __1__

MEMBERS OF THE JURY:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the court - those given to you at the beginning of the trial, those given to you during the trial, and these final instructions - must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions. Neither are you to

be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict on any other view or opinion of the law than that given in these instructions of the court just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict on anything but the evidence received in the case.

You were chosen as jurors for this trial to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice — through trial by jury — depends on the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the court. Both the defendants and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court and reach a just verdict, regardless of the consequences.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.01 (as modified) (6th ed.).

INSTRUCTION NO.  2

The law presumes a defendant to be innocent of crime.   Thus, the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate" — with no evidence against them.   The second superseding indictment, as you already know, is not evidence of any kind.   The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.   The presumption of innocence alone therefore is sufficient to acquit the defendants.

The burden is always on the prosecution to prove guilt beyond a reasonable doubt.   This burden never shifts to a defendant, for the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.   A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.   A reasonable doubt is a doubt based on reason and common sense - the kind of doubt that would make a reasonable person hesitate to act.   Proof beyond a reasonable doubt must, therefore, be proof of such convincing character that a reasonable person would not hesitate to rely and act on it

in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that defendants have committed each and every element of the offenses charged in the indictment, you must find the defendants not guilty of the offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions — one of innocence, the other of guilt — the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.10 (6th ed.)

INSTRUCTION NO.  3

You are here to determine whether the government has proven the guilt of the defendants for the charges in the indictment beyond a reasonable doubt.   You are not called on to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendants for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.   But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendants not guilty.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.11 (6th ed.).

INSTRUCTION NO.   4

The defendants are not on trial for any act or conduct not specifically charged in the indictment.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.09 (6th ed.).

## INSTRUCTION NO.  5

The evidence in this case consists of the sworn testimony of the witnesses - regardless of who may have called them - all exhibits received in evidence - regardless of who may have produced them - and all facts which may have been agreed to or stipulated.  If you were instructed during the trial that some evidence was received for a limited purpose, you must follow that instruction.

Certain things are not evidence.  Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court, must be entirely disregarded by you.  If an objection was overruled, treat the answer like any other.  By receiving evidence to which objection was made, the court did not intend to indicate the weight to be given such evidence.

Questions, objections, statements, and arguments of counsel are not evidence in the case.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection or the court's ruling.  If a lawyer asks a question which contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact unless it is agreed to by the witness.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence in the case.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> §§ 12.03 (modified), 12.05 (modified), 12.08 (modified) (6th ed.).

# INSTRUCTION NO.  6

There are two types of evidence which are generally presented during a trial — direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.   Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.   Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.04 (6th ed.).

INSTRUCTION NO.  7

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 12.07 (6th ed.).

INSTRUCTION NO. _8_

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 14.16 (6th ed.).

INSTRUCTION NO.   9

You, as jurors, are the sole and exclusive judges of the believability of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.   After making your assessment concerning the believability of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all other evidence which tends to show whether a witness, in your opinion, is worthy of belief.   Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.   Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.   Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the

testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 15.01 (6th ed.).

INSTRUCTION NO. __10__

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> § 17.21 (3rd ed.).

INSTRUCTION  11

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs and alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use.

Sec. 15.04, O'Malley, Grenig, et al., <u>Federal Jury Practice and Instruction</u> (6th ed. 2000).

INSTRUCTION  12

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Sec. 15.07, O'Malley, Grenig, et al., Federal Jury Practice and Instruction (5th ed. 2000).

INSTRUCTION  13

One who testifies under a grant of immunity with a promise from the government that he will not be prosecuted is a competent witness. His or her testimony may be received in evidence and considered by the jury even though not corroborated or supported by other evidence.

Such testimony, however, should be examined by you with greater care than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness's own interest, for a witness who realizes that he or she may procure his or her own freedom by incriminating another has a motive to falsify. After such consideration, you may give the testimony of the immunized witness such weight as you feel it deserves.

Sec. 17.04, Devitt and Blackmar, Federal Jury Practice and Instructions (3rd ed. 1977, Supp. 1988); Sec. 6.02 Eighth Circuit Model Instructions (1988).

INSTRUCTION  14

You have evidence that a witness _____, has pleaded guilty to a crime which arose out of a related event for which the defendant is on trial.   You must not consider that guilty plea, or his or her agreement to pay restitution, as any evidence of this defendant's guilt.   You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon that witness's testimony.

Sec. 2.19, Eighth Circuit Model Instructions (2006)(modified).

You have heard evidence that _____ hopes to receive a reduced sentence on criminal charges pending against him in return for his or her cooperation with the government in this case.   This witness entered into a plea bargain with the United States which provides, among other things, an agreement that the Government will recommend a less sever sentence that the witness faced had she or he not cooperated.   The Court has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney's office, files a motion for downward departure. If such a motion is filed, then the Court may determine whether to grant it or not.

You may give the testimony of this witness such weight as you think it deserves.   Whether or not testimony of a witness may have been influenced by his or her hope of receiving a reduced sentence is for you to decide.

Sec. 4.05A, Eighth Circuit Model Instructions (2006)(modified).

INSTRUCTION NO.   16

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.   No inference of any kind may be drawn from the fact that he decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 15.14 (6th ed.).

INSTRUCTION NO.  17

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that the witness previously made statements which are different than or inconsistent with the witness's testimony here in court.   The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the believability of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the believability of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.   You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 15.06 (as modified) (6th ed.).

INSTRUCTION NO. _18_

You will remember that certain schedules, summaries, and/or charts were admitted in evidence. You may use those schedules, summaries, and charts as evidence, even though the underlying documents and records are not here.

Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.12 (2021).

# INSTRUCTION NO.  19

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.

Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If each defendant is proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.  Remember as well that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, because the burden of proving guilt beyond a reasonable doubt is always with the government.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 12.02 (modified) (6th ed.).

**WE NOW TURN TO THE ALLEGATIONS CONTAINED IN THE INDICTMENT.**

INSTRUCTION NO.  20

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendants.  The defendants are presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendants, the defendants begin the trial with absolutely no evidence against them.

The defendants have pleaded "not guilty" to the second superseding indictment and, therefore, deny that they are guilty of the charges.

There is no burden on a defendant to prove that he is innocent.  Instead, the burden of proof remains on the government throughout the trial.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 13.04 (modified)(6th ed.).

INSTRUCTION NO.  21

Counts 1 of the indictment charges a conspiracy to commit mail fraud.

Counts 12, 13, 14, 16, 18, 19, 22, 25, 29, 30, 31, 33, 34, 37, 38, 39, 40, and 46 of the indictment charge wire fraud.

The defendant has pleaded "not guilty" to the indictment, and therefore, denies that he is guilty of the charges.

The alleged offenses, and any evidence pertaining to them, should be considered separately by the jury as to each individual defendant.   The fact that you find one defendant guilty or not guilty of the offenses charged should not control your verdict as to the other defendants.

You must give separate and individual consideration to the charges against each defendant.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> §§ 13.04 (modified), 12.09 (modified), 12.13 (6th ed.).

INSTRUCTION NO.  22

It is a crime for two or more people to agree to commit a crime.   The crime of conspiracy, as charged in Count 1 of the indictment, has four elements:

*One*, at some time between October 20, 2000 and October 20, 2022, the defendants reached an agreement to commit the crime of mail fraud;

*Two*, the defendant voluntarily and intentionally joined the agreement;

*Three*, at the time the defendant joined the agreement, the defendant knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a defendant knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

With respect to the "one or more acts" the defendant must have had full and advance knowledge of the specific act before it was committed and intended that the act itself be committed.   In other words, he must seek by his actions to make the crime succeed.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count 1.

INSTRUCTION NO.  23

**Element One –**

Element One requires that two or more people reached an agreement to commit the crime of mail fraud.

The indictment charges a conspiracy to commit mail fraud.  For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.  You must unanimously agree which purpose motivated the members of the agreement to act.  If you are unable to unanimously agree on this purpose, you cannot find the defendant guilty of conspiracy.

The agreement between two or more people to commit the crime of mail fraud does not need to be a formal agreement or be in writing.  A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of mail fraud was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time.

**Element Two –**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

A person joins an agreement to commit mail fraud by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of mail fraud. It is not necessary for you to find that the defendant knew all of the details of the unlawful plan.

To help you decide whether the defendant agreed to commit the crime of mail fraud, you should consider the elements of that crime as set forth in Instruction No. 25.

You may consider the elements set forth in that instruction in determining whether the defendant agreed to commit the crime of wire fraud, keeping in mind that this count of the indictment only charges a conspiracy to commit mail fraud, and does not charge that such crimes were actually committed.

**Element Three –**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement

and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of mail fraud simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

**Element Four –**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other

member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the government prove that more than one act was done in furtherance of the agreement. It is sufficient if the government proves one such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

Eighth Cir. Model Crim. Jury Instructions § 5.06A-2 (2021) (modified).

INSTRUCTION NO.  24

If you determine that an agreement existed and that the defendant joined the agreement, then acts or statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without knowledge of the defendant.   This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.

Eighth Cir. Model Crim. Jury Instructions § 5.06D (2021).

# INSTRUCTION NO.  25

The crime of mail fraud has three elements, which are:

*One*, the defendant voluntarily and intentionally participated in a scheme to defraud or to obtain money, property, or property rights by means of material false representations or promises.

*Two*, the defendant did so with the intent to defraud; and

*Three*, on or about the dates alleged in the indictment  defendant used, or caused to be used, information transmitted by means of the United States Mail in furtherance of, or in an attempt to carry out, some essential step in the scheme.

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money, property, or property rights by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises.   A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, the defendant must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

If all of the elements of mail fraud have been proved beyond a reasonable doubt as to the defendant with respect to a particular count, then you must find the defendant guilty on that count; otherwise, you must find the defendant not guilty on that count.

Eighth Cir. Model Crim. Jury Instructions § 6.18.1343 (2021) (modified).

INSTRUCTION NO. _26_

The government is not required to prove that the defendant knew that his acts or omissions were unlawful.   An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.   You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Eighth Cir. Model Crim. Jury Instructions § 7.03 (2021).

INSTRUCTION NO.  27

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 17.07 (6th ed.)(modified).

## INSTRUCTION NO. _28_

A person may also be found guilty of wire fraud even if he personally did not do every act constituting the offense charged if he aided and abetted the commission of mail fraud.

In order to have aided and abetted the commission of a crime, a person must:

*One*, have known wire fraud was being committed or going to be committed;

*Two*, have had enough advance knowledge of the extent and character of wire fraud that he was able to make the relevant choice to walk away from the offense before all elements of mail fraud were complete;

*Three*, have knowingly acted in some way for the purpose of aiding the commission of the fraud; and

*Four*, have intended that the fraud be committed.

For you to find the defendant guilty of mail fraud by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of wire fraud were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

Merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has

become an aider and abettor.   A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way that advances some offense, does not thereby become an aider and abettor.

Eighth Cir. Model Crim. Jury Instructions § 5.06A-1 (2021) (modified); Rosemond v. United States, 134 S.Ct. 1240, 1249 (2014)(holding that for a defendant to aid and abet, he must have advance knowledge the crime was about to be committed and that he wished to bring the crime to fruition); Nye and Nissen v. United States, 336 U.S. 613, 619 (1949)(Judge Learned Hand's phrase that for a defendant to aid and abet the charged crime, he must "seek by his action to make it succeed."); Eighth Cir. Model Crim. Jury Instructions § 5.01 (2021).

INSTRUCTION NO.   29

The indictment charges that the offenses of wire fraud were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the second superseding indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 13.05 (modified) (6th ed.).

INSTRUCTION NO.   30

Your verdict must represent the collective judgment of the jury.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with one another with a view towards reaching an agreement, if you can do so without violence to individual judgment.   Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views, and to change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.   You are judges — judges of the facts.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 20.01 (modified) (6th ed.).

INSTRUCTION NO.  31

Your verdict must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 20.01 (modified)(6th ed.).

INSTRUCTION NO. _32_

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 20.01 (6th ed.)(modified).

INSTRUCTION NO. __33__

On retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience and read as follows:

*[Forms of verdict read.]*

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms to state the verdict on which you unanimously agree, and then return with your verdict to the courtroom.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 20.01 (modified)(6th ed.).

## INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with the court, you may send a note by a bailiff, signed by your foreperson, or by one or more members of the jury.   No member of the jury should ever attempt to communicate with the court by any means other than a signed writing; and the court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the court - how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof, until after you have reached a unanimous verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.   You may not use any electronic device or media, the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website to communicate to

anyone any information about this case or to conduct any research about this case

until I accept your verdict.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 20.01 (6th ed.) (as modified); Judicial Conference Committee on Court Administration and Case Management, December 2009 (modified).